# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>    Plaintiff,<br><br>v.<br><br>N. EMERSON, et al.,<br><br>    Defendants. | Case No.: 1:18-cv-00507-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT CERTAIN DEFENDANTS AND CLAIMS BE DISMISSED FOR THE FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(ECF Nos. 10, 30, 33)<br><br>**THIRTY (30) DAY DEADLINE** |

## I.

## INTRODUCTION

Plaintiff Jerry Dillingham is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 26, 2018, the Court screened Plaintiff's amended complaint and found that Plaintiff stated cognizable a claim against Defendants Emerson, Wilson, Wescoat, Velasco, Martines, and Loflen, in their individual capacities, for conditions of confinement in violation of the Eighth Amendment. (ECF No. 30.) The Court found that Plaintiff failed to state any other cognizable claims. Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). The Court ordered Plaintiff to either file a second amended complaint curing the deficiencies identified or notify the Court that he is willing to proceed only on his cognizable claims.

1

On August 24, 2018, Plaintiff moved for an extension of time to comply with the screening order. (ECF No. 30.) On August 27, 2018, that request was granted, and the deadline was extended by thirty (30) days. (ECF No. 32.)

On September 17, 2018, Plaintiff filed a notice stating that he stands on his pleading. (ECF No. 33.) Therefore, the Court will recommend that this case proceed only on the cognizable claim identified above. The Court's reasoning is explained below. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (court should identify the deficiencies in the complaint and grant Plaintiff opportunity to cure deficiencies prior to dismissal).

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not

sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.
## COMPLAINT ALLEGATIONS

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and names as defendants N. Emerson, S. Martines, E. Wilson, S. Wescoat, D. Valesco, D. Ibarra, Garza, D. Smith, Loflen (also possibly known as "Lofflen"), S. Marsh, John Doe 1 and 2, correctional officers employed at the California Substance Abuse Treatment Facility and State Prison at Corcoran, California ("CSATF"). Plaintiff also names as defendants Stu Sherman, Warden of CSATF, and Scott Kernan, Secretary of CDCR. Plaintiff also names as defendants J. Zamor, J. Corral, S. Morelock, Olga Rodriguez, C. Ramos, who were Inmate Appeals Office staff.

Plaintiff alleges that he is a dependent adult with a disability under the Americans with Disabilities Act, who was incarcerated at CSATF at all times mentioned in the amended complaint.

Plaintiff alleges that he was housed in a dangerous cell beginning on January 21, 2016, which suffered from water leaks due to rain and a lack of hot running water for some time. Plaintiff had injuries and illnesses as a result. Plaintiff generally alleges that prison officials were aware of the uninhabitable health and safety conditions and hazardous cell living conditions for over two years.

## IV.
## DISCUSSION

### A. Conditions of Confinement

Plaintiff's "Claim One" is for conditions of confinement in violation of the Eight Amendment. To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmate's health or safety, and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)). Officials may be aware of the risk because it is obvious.

3

Thomas, 611 F.3d at 1152. An inmate is challenging the conditions of confinement must show there was a deprivation "sufficiently serious" to form the basis of a violation, and "the prison official acted "with a sufficiently culpable state of mind." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim." Johnson, 217 F.3d at 731.

At the pleading stage, the Court finds that Plaintiff has stated a claim against defendants Emerson, Wilson, Wescoat, Velasco, Martines, and Loflen, in their individual capacities. Plaintiff has alleged that each of these defendants did security counts that included Plaintiff's cell, and walked around puddles of water in Plaintiff's housing unit. Plaintiff also verbally complained to these defendants of hazardous conditions. According to Plaintiff, his cell had obvious water running down his cell walls with mold in the water, puddles of rain water pooling on the floor and in electrical light fixtures that posed a risk of electrocution, and cell walls that visibly showed years of built-up mold, all posing obvious, serious health and safety risks. Plaintiff also alleges that he suffered illnesses and injuries from the cell conditions.

However, Plaintiff has not stated sufficient facts to show a cognizable claim against any other defendants, nor has he pleaded sufficient facts to show a cognizable claim regarding the lack of running hot water in his cell for about twenty-one (21) days. Plaintiff has pleaded that the lack of running hot water prevented him from washing himself and maintaining hygiene, but he did not plead facts showing that prison officials were aware of these conditions. He has also pleaded some general, conclusory allegations that it was widely-known by officials that his cell conditions were hazardous, or that policies and procedures, if followed, would have or should have made officials aware of his cell conditions. Those generalized, conclusory statements are not sufficient to show the state of mind necessary to state a claim here. Facts showing actual awareness must be sufficiently stated.

Plaintiff also has not stated sufficient facts for a claim against Captain Marsh. Plaintiff has pleaded that Captain Marsh told Plaintiff that prison "administration" has been aware of water leakage from rain problems for over two years in Plaintiff's cell. This is sufficient to reasonably infer that Captain Marsh himself was aware of some type of water leakage. However, Plaintiff has not pleaded

4

facts showing that Captain Marsh was aware that the water leakage caused conditions posing a substantial risk of serious harm.

### B. Deliberate Indifference to Safety

Plaintiff also seeks to bring, in his "Claim Two" conditions of confinement in violation of the Fourteenth and Eighth Amendment, apparently as an alternate theory of liability.

As a convicted prisoner, Plaintiff's constitutional claims arise from the Eighth Amendment's prohibition against cruel and unusual punishment, not the Fourteenth Amendment's Due Process clause. See Shorter v. Baca, ---F.3d---, No. 16-56051, 2018 WL 3421091, at *5 (9th Cir. July 16, 2018) (citing cases). Therefore, he has no cognizable Fourteenth Amendment claim, and it should be dismissed.

### C. Conspiracy

Plaintiff asserts as his "Claim Three" a conspiracy claim. A conspiracy claim brought under Section 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540–41 (9th Cir. 1989) (citation omitted) ), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1126 (9th Cir. 1989) ). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Plaintiff here only makes conclusory allegations concerning his conspiracy allegations, stating that defendants conspired to maintain uninhabitable cell conditions and to cover it up, but does not allege factual allegations in support. Plaintiff's conclusion that the knowledge of his inadequate housing by each individual defendant must be the result of a common conspiracy is insufficient to state a claim for conspiracy. Plaintiff also states that because two other prisoners were given a cell move but he was not, this must result from a conspiracy, but such bare assertions are insufficient to state a conspiracy claim.

///

### D. Action for Neglect to Prevent

In Plaintiff's "Claim Four," he asserts a claim for neglect to prevent in violation of 42 U.S.C. § 1986. "Section 1986 provides a cause of action against anyone who has 'knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses so to do.'" Park v. City of Atlanta, 120 F.3d 1157, 1159–60 (11th Cir. 1997) (quoting 42 U.S.C. § 1986). "Section 1986 claims are therefore derivative of § 1985 violations." Id. "The text of § 1986 requires the existence of a § 1985 conspiracy." Id. at 1160.

As Plaintiff has not stated any cognizable conspiracy claim, he cannot state any claim for knowledge of and neglecting to prevent the conspiracy. Stephens v. Multnomah Cty. by & through Judicial Dep't, 678 F. App'x 517, 519 (9th Cir. 2017) ("A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985.") (quoting Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988)

### E. Supervisory Liability

In his "Claim Five," Plaintiff names as defendants Warden Sherman, Secretary Kernan, and certain other defendants, and sues them based on their supervisory positions. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2012) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Here, Plaintiff fails to allege facts demonstrating that Warden Sherman, Secretary Kernan, or the other supervisor defendants (other than as stated in Section **IV.A.** of this order) directly participated in the violations, or acquiesced in the conduct of officers who violated his rights. Plaintiff's vague and conclusory statement that officials were aware of his unconstitutional conditions of confinement, or that the conditions were caused by a "policy," are insufficient to give rise to a constitutional violation. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff makes some allegations that knowledge of his cell conditions was presented through the appeals process that was reviewed by staff overseen by the warden and secretary, but this is not sufficient to infer that the warden or secretary had knowledge of the issue and allowed the violation to continue, or that they implemented a policy.

### F. Official Capacity

Plaintiff states that he sues certain defendants both in their individual and official capacity, and brings suit for monetary damages. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dep't. of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Therefore, Plaintiff may only proceed against any defendant for monetary damages in their individual capacity.

### V.
### CONCLUSION

For these reasons, IT IS HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's claim against Defendants Emerson, Wilson, Wescoat, Velasco, Martines, and Loflen, in their individual capacities, for conditions of confinement in violation of the Eighth Amendment; and

2. All other claims and defendants be dismissed for failure to state a claim upon which relief could be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of 28 U.S.C. §636 (b)(1)(B). Within **thirty (30) days** after being served with these Finding and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 19, 2018**

UNITED STATES MAGISTRATE JUDGE