**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>N. EMERSON, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-00507-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>[ECF No. 35] |

Plaintiff Jerry Dillingham is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's renewed motion for appointment of counsel, filed September 21, 2018. (ECF No. 35.) In support, Plaintiff declares that he has significant mental impairments. Therefore, he is unable to prosecute this action without assistance. The Court previously found that Plaintiff has stated a cognizable Eighth Amendment claim based on hazardous cell conditions caused by water leakage, and findings and recommendations are currently pending.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not alone establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Further, at this early stage in the proceedings, the Court cannot yet determine that Plaintiff is likely to succeed on the merits. Nevertheless, the record shows that Plaintiff has adequately articulated his claim under the circumstances. Plaintiff's declaration asserts that he was only able to prosecute this case thus far with assistance, and he argues that the Court should not consider this assistance in evaluating Plaintiff's ability to pursue this action as a pro se litigant. On the contrary, the Court may consider the totality of the circumstances, including the availability of assistance for Plaintiff. See Jones v. McEwen, No. 12-CV-1777-LAB-BGS, 2013 WL 5330480, at *3 (S.D. Cal. Sept. 18, 2013) (availability of assistance mitigated a pro se litigant's mental limitations); see also Stancle v. Clay, 692 F.3d 948, 959 (9th Cir. 2012) (same).

For the foregoing reasons, Plaintiff's renewed motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **September 25, 2018**

_____
UNITED STATES MAGISTRATE JUDGE