**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>    Plaintiff,<br><br>v.<br><br>N. EMERSON, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00507-AWI-SAB (PC)<br><br>ORDER DENYING MOTION TO RECONSIDER ORDER DENYING RENEWED MOTION FOR APPOINTMENT OF COUNSEL<br><br>[Doc. No. 37] |

    Plaintiff Jerry Dillingham is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Findings and recommendations are pending, recommending that this action proceed on Plaintiff's claim against Defendants Emerson, Wilson, Wescoat, Velasco, Martines, and Loflen, in their individual capacities, for hazardous cell conditions in violation of the Eighth Amendment, based on allegations of water leakage in Plaintiff's cell. (Doc. No. 34.)

    On September 21, 2018, Plaintiff filed a renewed motion for the appointment of counsel. (Doc. No. 35.) On September 25, 2018, the assigned Magistrate Judge denied the motion, without prejudice. (Doc. No. 36.)

    Currently before the Court is Plaintiff's objection to the September 25, 2018 order, filed on October 9, 2018. (Doc. No. 37.) Plaintiff argues that the Magistrate Judge erred in denying his renewed motion for appointed counsel because his case presents exceptional circumstances, as he is

1

illiterate and is receiving assistance which may be "here today & gone tomorrow." (*Id*. at 1.) The Court construes the objection as a motion for reconsideration.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . " exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id*. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision. *U.S. v. Westlands Water Dist*., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).

Here, the Court finds no clear error in the assigned Magistrate Judge's ruling. In considering whether this case presented exceptional circumstances warranting a search for counsel, the magistrate judge evaluated the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of legal issues involved. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). As to success on the merits, although Plaintiff has stated a cognizable claim when his allegations were liberally construed, the Magistrate Judge did not find a likelihood of success as this case is in its very early stages, with no response from Defendants. Further, the claim presented is not complex, and Plaintiff has been able to adequately articulate his claim.

Plaintiff contends that his extraordinary circumstances arise from his illiteracy and inability to comprehend complexities of the law (an issue that affects almost every section 1983 pro se inmate

litigant). These matters do not show that this case is unduly complex or that Plaintiff is likely to prevail here. The assigned Magistrate Judge considered that Plaintiff is receiving assistance, and Plaintiff has submitted further information that he may request an Americans with Disabilities Act aid for assistance with reading and writing, and law librarians can assist in providing legal materials, although neither of these aids can provide legal advice. (*See* Doc. No. 37, at 10.) The Court finds no error in the assigned Magistrate Judge's consideration of the totality of the circumstances in determining to deny the appointment of counsel, without prejudice.

For these reasons, Plaintiff's objection to the Court's September 25, 2018 order (Doc. No. 37) is construed as a motion for reconsideration, and is HEREBY DENIED.

IT IS SO ORDERED.

Dated: October 24, 2018

_____
SENIOR DISTRICT JUDGE