**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERRY DILLINGHAM, | No. 1:18-cv-00507-AWI-SAB (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT WITHIN **THIRTY DAYS** |
| v. | |
| N. EMERSON, et al., | (Doc Nos. 34, 41) |
| Defendants. | |

**I.**

**INTRODUCTION**

Plaintiff Jerry Dillingham is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. §§ 1983, 1985 and 1986.

On September 19, 2018, the undersigned screened Plaintiff's amended complaint, (Doc. No. 10), and issued findings and recommendations recommending that this case proceed against Defendants Emerson, Wilson, Wescoat, Velasco, Martines, and Loflen, in their individual capacities, for conditions of confinement in violation of the Eighth Amendment, and that all other claims and defendants be dismissed, (Doc. No. 34). Plaintiff was served with the findings and recommendations, and permitted thirty days to file any objections. (*Id*. at 7-8.)

1

On October 18, 2018, Plaintiff provided a motion for an extension of time to file objections to prison officials for mailing, before the deadline to object expired. (Doc. No. 39.) On October 30, 2018, the Court granted Plaintiff a thirty-day extension of time. (Doc. No. 40.) On November 28, 2018, Plaintiff timely provided objections to prison officials for mailing, that were received by the Court on December 5, 2018. (Doc. No. 41.)[1]

## II.

## OBJECTIONS

Plaintiff's objections contain some factual allegations concerning the events in his first amended complaint, and he has also attached declarations from himself and other inmates concerning the events at issue.

Factual assertions in Plaintiff's objections and in any declarations submitted by Plaintiff with those objections are not a part of Plaintiff's pleadings in this case. The Court is generally bound by allegations contained within the four corners of the complaint. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989) ("Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.") (citations omitted); see also Hale v. Cox, No. 2:16-CV-02433-JAD-NJK, 2018 WL 5283429, at *3 (D. Nev. Oct. 24, 2018) (court will not look beyond the complaint in screening, but only to factual allegations in complaint). Thus, these materials outside of Plaintiff's amended complaint cannot be considered in determining whether Plaintiff has stated any cognizable claim.

As noted above, Plaintiff was granted leave to file a second amended complaint to add further factual allegations. (Doc. No. 30.) Instead, Plaintiff notified the Court by a brief letter that he would stand upon his complaint, rather than file any amended pleading. (Doc. No. 33.) Plaintiff's letter stated that he was to be separated from his legal property for a housing move, and therefore his decision may have been due to some limited access to legal property at the time. (Doc. No. 33, at 1.) Although

---

[1] Under the "mailbox rule," when a *pro se* prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" at that time. Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by *pro se* prisoners").

2

Plaintiff has not sought to retract his letter, his objections to the pending findings and recommendations show some intent to add to or clarify his factual allegations.

Based upon the foregoing, the Court finds that the interests of justice are best served by giving Plaintiff a final opportunity to file a second amended complaint, so that he may state all factual allegations that he proceeds upon in this suit.

Plaintiff will be permitted thirty days to file a second amended complaint. If he does so, the Court will vacate its current findings and recommendations, and screen the second amended complaint. If Plaintiff does not file any second amended complaint within the time permitted, the findings and recommendations will stand, and the case file, including Plaintiff's objections, will be subjected to *de novo* review by the district judge.

If Plaintiff chooses to amend his complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Any second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must also state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Ashcroft v. Iqbal, 556 U.S. 662, 678-89 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Plaintiff is also reminded that an amended complaint supersedes all prior complaints. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Absent prior court approval, the amended pleading must be complete in itself without reference to any prior pleading. Local Rule 220. Finally, the second amended complaint is limited to 25 pages in length. Evidence is not required, as factual allegations will be accepted as true for screening purposes. See Iqbal, 556 U.S. at 678.

### III.

### MOTION TO APPOINT COUNSEL

Plaintiff also objects that the court should appoint counsel to amend his complaint to clearly set forth the grounds for his suit. (Doc. No. 41, at 6.) To the extent Plaintiff renews his previous motions for the appointment of counsel, his request is denied for the reasons explained in the Court's July 19, 2018 order and September 25, 2018 order. (Doc. Nos. 29, 36.)

## IV.
## CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file either:

    a. a second amended complaint, limited to 25 pages in length, or

    b. a notice of his intent to proceed upon his first amended complaint;

3. <u>The failure to comply with this order may result in the imposition of sanctions, up to and including dismissal of this action</u>.

IT IS SO ORDERED.

Dated: **December 11, 2018**

UNITED STATES MAGISTRATE JUDGE