# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>    Plaintiff,<br><br>v.<br><br>N. EMERSON, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00507-AWI-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING CERTAIN DEFENDANTS AND CLAIMS<br><br>[ECF Nos. 43, 45, 46]<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Jerry Dillingham is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 11, 2019, Plaintiff filed a second amended complaint. (ECF No. 43.) On February 12, 2019, the Magistrate Judge issued Findings and Recommendations that this action proceed on Plaintiff's claim against Defendants Emerson, Wilson, Wescoat, Valesco, Loflen, Martines, Marsh, and Doe 1, in their individual capacities, for conditions of confinement in violation of the Eighth Amendment, and against Defendant Wescoat for retaliation in violation of the First Amendment. (ECF No. 45.) The Findings and Recommendations also recommended that Plaintiff's official capacity claim against Defendant Kernan be dismissed with prejudice, that Plaintiff's conspiracy and action for neglect to prevent claims be dismissed without leave to amend, and that Plaintiff's conditions of confinement claim as to Defendants Ibarra, Sherman, and Kernan be dismissed without leave to amend. (Id.) Finally, the Findings and Recommendations recommended that Plaintiff be ordered to either notify the Court that he is willing to proceed on those claims found to be cognizable in his second amended complaint or to file a third amended complaint to cure the deficiencies identified in Plaintiff's retaliation and state-law premises liability claims. (Id.) The Findings and Recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within thirty (30) days after service of the findings and recommendations. (Id.)

1

On March 18, 2019, Plaintiff filed objections to the Magistrate Judge's Findings and Recommendations. (ECF No. 46.) First, Plaintiff argues that he has stated a cognizable conspiracy claim against Defendants Valesco and Loflen. In the second amended complaint, Plaintiff alleges that, on May 5, 2016, Defendant Valesco and an unnamed Sergeant (presumably Defendant Loflen) conspired to deprive Plaintiff of a dry cell by refusing to move Plaintiff to Building D4, Cell 225, which was dry, unoccupied and available. However, the declaration of James Cato, Jr., attached as Exhibit F to Plaintiff's second amended complaint, states that, while Cell 225 was empty from 3rd watch on May 5, 2016 through 2nd watch on May 6, 2016, inmates other than Plaintiff were moved into Cell 225 on May 6, 2016. Therefore, while Cell 225 may have been empty for at least part of May 5, 2016, the reasonable inference from Mr. Cato's declaration is that Cell 225 was not actually available because it was needed for other inmates. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) ("We are not, however, required to accept as true allegations that contradict exhibits attached to the Complaint … .") (citation omitted). Consequently, Plaintiff's allegations in the second amended complaint are inadequate to allege a viable conspiracy claim against Defendants Valesco and Loflen. Thus, Plaintiff's first objection is overruled.

Second, Plaintiff argues that he has alleged a cognizable retaliation claim against Defendants Valesco and Loflen. However, Plaintiff has failed to allege facts showing that Defendants Valesco and Loflen took any adverse action against Plaintiff because Plaintiff had filed inmate grievances/appeals or the Form 22. Specifically, while Plaintiff has alleged that, on May 5, 2016, he handled Defendant Valesco a Form 22 inmate request for service describing the wet and dangerous conditions in Plaintiff's cell and that both Defendants Valesco and Loflen refused to either relocate Plaintiff to Cell 225 and/or sign or respond to the Form 22, Plaintiff has not alleged any facts demonstrating that Defendants Valesco and Loflen refused to move Plaintiff to Cell 225 or refused to sign or respond to the Form 22 because Plaintiff had submitted the Form 22 or any other inmate grievances/appeals. Further, a single instance by Valesco and Loflen of refusing to process the Form 22 would not chill or silence a person of ordinary firmness from future First Amendment activities. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (discussing the "chilling effect" element of a First Amendment retaliation claim). Therefore, Plaintiff's allegations

in the second amended complaint are inadequate to allege a cognizable retaliation claim against Defendants Valesco and Loflen. Thus, Plaintiff's second objection is overruled.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the Magistrate Judge's Findings and Recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations issued on February 12, 2019, (ECF No. 45), are adopted in full;
2. Plaintiff's official capacity claim against Defendant Kernan is DISMISSED WITH PREJUDICE;
3. Plaintiff's conspiracy and action for neglect to prevent claims are DISMISSED WITHOUT LEAVE TO AMEND;
4. Plaintiff's conditions of confinement claim against Defendants Ibarra, Sherman, and Kernan is DISMISSED WITHOUT LEAVE TO AMEND;
5. Within thirty (30) days from the date of service of this order, Plaintiff shall file a third amended complaint that is consistent with this order and the February 12, 2019 Findings and Recommendation;
6. If Plaintiff fails to file a timely third amended complaint, leave to amend will be revoked without further notice and this case will proceed on the claims in the Second Amended Complaint that have been found to be cognizable; and
7. This matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: May 2, 2019

SENIOR DISTRICT JUDGE

4