| | |
|---|---|
| | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>    Plaintiff,<br><br>  v.<br><br>N. EMERSON, et al.,<br><br>    Defendants. | Case No.  1:18-cv-00507-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AND MOTION FOR ADMINISTRATIVE RELIEF<br><br>[ECF Nos. 69,70] |

Plaintiff Jerry Dillingham is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's request for entry of default judgment, and motion for administrative relief, filed March 31, 2020, respectively.

Plaintiff contends that entry of default is appropriate because Defendants have failed to file an answer to the operative complaint.  (ECF No. 69.)  By way of separate motion for administrative relief, Plaintiff requests the Court to advise whether an answer has been filed by Defendants.  (ECF No. 70.)

This action is proceeding on Plaintiff's second amended complaint against Defendants Emerson, Wilson, Wescoat, Velasco, Loftin, Martines, Marsh and Doe 1 for conditions of confinement in violation of the Eighth Amendment, and against Defendant Wescoat for retaliation in violation of the First Amendment.  (ECF No. 50.)

1

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12(a)(1)(A)(ii) of the Federal Rules of Civil Procedure provides that a defendant that has timely waived service under Rule 4(d) must respond "within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States." Fed. R. Civ. P. 12(a)(1)(A)(ii). Rule 55(a) of the Federal Rules of Civil Procedure requires the Clerk of the Court to enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Here, Defendants filed an answer to the complaint on March 24, 2020, and entry of default is not appropriate and must be denied. To the extent Plaintiff seeks legal assistance from the Court, Plaintiff is advised Plaintiff is informed that the Court does not issue advisory opinions or provide legal advice. Pro se litigants are obligated to follow the same rules as represented parties, and that self-representation is not an excuse for noncompliance with court rules. Plaintiff is also advised that it is a pro se plaintiff's responsibility to proceed in a manner consistent with the Federal Rules of Civil Procedure, the Court's Local Rules, and the orders of this Court.

Accordingly, Plaintiff's motion for entry of default judgment is DENIED.

IT IS SO ORDERED.

Dated: **April 1, 2020**

UNITED STATES MAGISTRATE JUDGE