**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>          Plaintiff,<br><br>     v.<br><br>N. EMERSON, et al.,<br><br>          Defendants. | Case No.  1:18-cv-00507-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S FOURTH MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE, AND DENYING REQUEST FOR APPOINTMENT OF GUARDIAN AD LITEM<br><br> [ECF No. 74] |

Plaintiff Jerry Dillingham is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's fourth request for appointment of counsel and/or guardian ad litem, filed on June 11, 2020.

As Plaintiff was previously advised, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.  Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  As with Plaintiff's prior motions for appointment of counsel, he contends that he is unable to litigate this action because he is illiterate, has mental disabilities, requires the assistance of another inmate to

1

draft his documents, and is in the disability placement program.  However, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  Circumstances common to most prisoners, such as a lack of education or limited law library access, do not alone establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  The legal issues present in this action are not complex.  Further, Defendants just filed an answer in this case, and at this early stage of the proceedings, the Court cannot find that Plaintiff is likely to succeed on the merits.  Further, there is no indication from the record that Plaintiff has been unable to adequately articulate claims and prosecute this action— whether alone or with inmate assistance.  Accordingly, Plaintiff's fourth motion for the appointment of counsel shall be  denied, without prejudice.

With regard to Plaintiff's request for appointment of a guardian *ad litem*, Federal Rule of Civil Procedure 17(c),  provides in pertinent part:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem.  The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2).  The Ninth Circuit has held that when "a substantial evidence" exists regarding the mental incompetence of a pro se litigant, the district court should conduct a hearing to determine competence so that a guardian ad litem may be appointed if appropriate.  Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005); Krain v. Smallwood, 880 F.2d 1119, 1121 (9th Cir. 1989).  The Ninth Circuit has not clearly stated what constitutes "substantial evidence" of incompetence warranting such a hearing.  See Hoang Minh Tran v. Gore, No. 10cv464-GPC (DHB), 2013 WL 1625418, at *3 (S.D. Cal. Apr. 15, 2013).  However, the Ninth Circuit has indicated that sworn declarations from the allegedly incompetent litigant, sworn declarations or letters from treating psychiatrists or psychologist, and medical records may be considered in this regard.  See Allen, 408 F.3d at 1152-54.  Such evidence must speak to the court's concern as to whether the person in question is able to meaningfully take part in the proceedings.  See AT&T Mobility, LLC v. Yeager, 143 F.Supp.3d 1042, 1050 (E.D. Cal. 2015) (citing In re Christina B.,

19 Cal.App.4th 1441, 1450 (1993)).

As stated above, Plaintiff contends that he is unable to litigate this action because he is illiterate, has mental disabilities, requires the assistance of another inmate to draft his documents, and is in the disability placement program.  Plaintiff has not submitted substantial evidence of incompetence.  At most, Plaintiff's evidence shows that he has a low TABE score, and that he requires effective communication by prison officials.  (ECF No. 74, pp. 5, 8).  In addition, Plaintiff's interest in this case appears to be adequately protected, as he has been actively litigating this case with the assistance of other inmates.  Accordingly, the Court finds that in the absence of verifiable evidence of incompetence, there is no substantial question regarding Plaintiff's competence and therefore no duty of inquiry. Saddozai v. Spencer, No. 18-04511 BLF (PR), 2019 WL 6838701, at *2 (N.D. Cal. Dec. 16, 2019), reconsideration denied, (N.D. Cal. Apr. 16, 2020) (citing see Allen, 408 F.3d at 1152; Ferrelli v. River Manor Health Care Center, 323 F.3d 196, 201-02 (2d Cir. 2003)).  Therefore, Plaintiff does not warrant appointment of a guardian *ad litem* under Rule 17(c), and his request shall be denied.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's fourth motion for appointment of counsel is denied, without prejudice; and
2. Plaintiff's motion for appointment of a guardian *ad litem* under Rule 17(c) is denied.

IT IS SO ORDERED.

Dated:   **June 12, 2020**

UNITED STATES MAGISTRATE JUDGE