UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>N. EMERSON, et al.,<br><br>　　　　　Defendants. | Case No.  1:18-cv-00507-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 2, 2020 ORDER<br><br> [ECF No. 73] |

　　　　Plaintiff Jerry Dillingham is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's motion for reconsideration, filed on May 4, 2020. Plaintiff seeks reconsideration under Federal Rule of Civil Procedure 59(e) of the Court's April 2, 2020 order denying his request for entry of default.

　　　　The Court may grant reconsideration under Rule 59(e) or 60.  See Schroeder v. McDonald, 55 F.3d 454, 458–59 (9th Cir. 1995).  A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from judgment or order. Rishor v. Ferguson, 822 F.3d 482, 490 (9th Cir. 2016); see also Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp., 248 F.3d 892, 898–99 (9th Cir. 2001).  Because judgment has not been entered in this case, the Court construes Plaintiff's motion

1

as brought under Rule 60.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken."  Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff contends that under Federal Rule of Civil Procedure 12, Defendants had fourteen days to file an answer to the complaint after their motion to dismiss was denied on February 20, 2020.  Fed. R. Civ. P. 12(a)(4)(A).  Pursuant to Rule 12, unless otherwise ordered, "if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action."  Fed. R. Civ. P. 12(a)(4)(A).

The Court finds that Plaintiff's motion for reconsideration shall be denied.  First, in denying Defendants' motion to dismiss, the Court's February 20, 2020 order referred the matter back to the magistrate judge for further proceedings.  (ECF No. 66.)  Thus, the order did not direct Defendants to file a response pursuant to Rule 12(a)(4)(A), and it appears reasonable for Defendants to have believed that the Court would issue a further order directing a response.  Indeed, on March 10, 2020, the Court directed Defendants to file a response within fourteen days.

(ECF No. 67.) Defendants filed their answer on March 24, 2020. (ECF No. 68.) Therefore, although Defendants did not file an answer to the complaint within fourteen days after notice of the order denying their motion to dismiss, Plaintiff fails to provide any evidence of prejudice or harm caused by Defendants' untimely filing. Considering that "a case should, whenever possible, be decided on the merits," the Court finds an insufficient basis to enter default, and Plaintiff's motion for reconsideration shall be denied. U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010). Accordingly, Plaintiff's motion for reconsideration of the Court's April 2, 2020 order is denied.

IT IS SO ORDERED.

Dated:   August 10, 2020

SENIOR DISTRICT JUDGE