**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>N. EMERSON, et al.,<br><br>　　　　　Defendants. | Case No.  1:18-cv-00507-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S FIFTH MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 83) |

　　　　Plaintiff Jerry Dillingham is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's fifth motion for appointment of counsel, filed August 21, 2020.

　　　　As Plaintiff was previously advised, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.  Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must

evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. As with Plaintiff's prior motions for appointment of counsel, he contends that he is unable to litigate this action because he is illiterate, has mental disabilities, requires the assistance of another inmate to draft his documents, and is in the disability placement program. Plaintiff seeks appointment of counsel to assist him at the settlement conference which took place yesterday, August 25, 2020. However, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Circumstances common to most prisoners, such as a lack of education or limited law library access, do not alone establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. The legal issues present in this action are not complex. Further, Defendants just filed an answer in this case, and at this early stage of the proceedings, the Court cannot find that Plaintiff is likely to succeed on the merits. Further, there is no indication from the record that Plaintiff has been unable to adequately articulate claims and prosecute this action—whether alone or with inmate assistance. In addition, Plaintiff has failed to demonstrate that he could not meaningfully participate in the settlement conference without the assistance of counsel. Accordingly, Plaintiff's fifth motion for the appointment of counsel shall be  denied, without prejudice.

IT IS SO ORDERED.

Dated:   **August 26, 2020**   _____

UNITED STATES MAGISTRATE JUDGE