UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>N. EMERSON, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00507-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR EMERGENCY ADMINISTRATIVE RELIEF BE DENIED<br><br>(ECF No. 88) |

Plaintiff Jerry Dillingham is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for emergency administrative relief, filed September 15, 2020. Plaintiff contends that on September 8, 2020, he was threatened of harm because of his commitment offense and requests a transfer from Kern Valley State Prison-where he is currently housed. Because Plaintiff requests that the Court issue an direct prison officials to act on his behalf, the Court construes Plaintiff's motion as a request for a preliminary injunction.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding on Plaintiff's second amended complaint against Defendants Emerson, Wilson, Wescoat, Velasco, Loftin, Martines, Marsh and Doe 1, in their individual capacities, for conditions of confinement in violation of the Eighth Amendment, and against Defendant Wescoat for retaliation in violation of the First Amendment. (ECF No. 50.) The

incidents at issue in this action took place while Plaintiff was housed at Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF").

Defendants filed an answer to the complaint on March 24, 2020. (ECF No. 68.) After an unsuccessful settlement conference, the Court issued the discovery and scheduling order on August 26, 2020. (ECF No. 87.)

## II.

## LEGAL STANDARD

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal

1 right, and is the least intrusive means necessary to correct the violation of the Federal right."

2     A federal court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The Court may not attempt to determine the rights of persons not before it. See Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983).

## III.

## DISCUSSION

    The Court lacks jurisdiction to issue the orders sought by Plaintiff because such order would not remedy any of the claims upon which this case proceeds. This case was filed against Defendants at SATF based on events occurring before Plaintiff filed the complaint. Plaintiff now requests a court order for prospective relief to protect him from present and future misconduct by prison personnel and/or fellow inmates. Because such an order would not remedy any of the claims in this case, which are based upon past events, the Court lacks jurisdiction to issue the order sought by Plaintiff. The pendency of this action does not give the Court jurisdiction over prison personnel in general. Summers v. Earth Island Institute, 555 U.S. 488, 492-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). Rather, the Court's jurisdiction is limited to the parties in this action and to the cognizable legal claim upon which it proceeds. Summers, 555 U.S. at 493. Accordingly, Plaintiff's motion must be denied.

## IV.

## RECOMMENDATION

    Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for emergency administrative relief be DENIED.

    This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written

objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **September 16, 2020**                                              
UNITED STATES MAGISTRATE JUDGE