UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM, | Case No. 1:18-cv-00507-AWI-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 12, 2020 ORDER |
| v. | |
| N. EMERSON, et al., | [ECF No. 76] |
| Defendants. | |

Plaintiff Jerry Dillingham is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's objections, filed on July 14, 2020. The Court construes Plaintiff's objections to the Court's June 12, 2020 order as a motion for reconsideration under Federal Rule of Civil Procedure 60.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to

show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, in denying Plaintiff's fourth motion for appointment of counsel, the Court's June 12, 2020 order stated:

> In the present case, the Court does not find the required exceptional circumstances. As with Plaintiff's prior motions for appointment of counsel, he contends that he is unable to litigate this action because he is illiterate, has mental disabilities, requires the assistance of another inmate to draft his documents, and is in the disability placement program. However, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Circumstances common to most prisoners, such as a lack of education or limited law library access, do not alone establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. The legal issues present in this action are not complex. Further, Defendants just filed an answer in this case, and at this early stage of the proceedings, the Court cannot find that Plaintiff is likely to succeed on the merits. Further, there is no indication from the record that Plaintiff has been unable to adequately articulate claims and prosecute this action—whether alone or with inmate assistance.

(ECF No. 75 at 1-2.) In denying Plaintiff's request for appointment of a guardian ad litem, the Court stated:

> Plaintiff contends that he is unable to litigate this action because he is illiterate, has mental disabilities, requires the assistance of another inmate to draft his documents, and is in the disability placement program. Plaintiff has not submitted substantial evidence of incompetence. At most, Plaintiff's evidence shows that he has a low TABE score, and that he requires effective communication by prison officials. (ECF No. 74, pp. 5, 8). In addition, Plaintiff's interest in this case appears to be adequately protected, as he has been actively litigating this case with the assistance of other inmates. Accordingly, the Court finds that in the absence of verifiable evidence of incompetence, there is no substantial question regarding Plaintiff's competence and therefore no duty of inquiry. Saddozai v. Spencer, No. 18-04511 BLF (PR), 2019 WL 6838701, at *2 (N.D. Cal. Dec. 16, 2019), reconsideration denied, (N.D. Cal. Apr. 16, 2020) (citing see Allen, 408 F.3d at 1152; Ferrelli v. River Manor Health Care Center, 323 F.3d 196, 201-02 (2d Cir. 2003)).

>Therefore, Plaintiff does not warrant appointment of a guardian *ad litem* under Rule 17(c), and his request shall be denied.

(ECF No. 75 at 3.)

Plaintiff fails to present facts or law to warrant reconsideration of the prior denial of appointment of counsel in this case as Plaintiff simply presents the same arguments and circumstances that were previously considered by the Court. See United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998) ("A motion for reconsideration should not be used to ask the court 'to rethink what the court had already thought through—rightly or wrongly.' ... However, if the court has made an apparent error of law and the party moving for reconsideration brings that error to the court's attention within a reasonable period of time, the district court has the power under Rule 60(b)(1) to grant relief from that error."). While the Court is sympathetic to Plaintiff's condition and circumstances, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exception circumstances exist and here, they do not. Accordingly, Plaintiff's motion for reconsideration of the Court's April 2, 2020 order is denied.

IT IS SO ORDERED.

Dated:   December 1, 2020                       _____
                                                 SENIOR DISTRICT JUDGE

3