UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>N. EMERSON, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00507-AWI-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY MERITS-BASED DISCOVERY AND VACATING DEADLINES<br><br>(ECF No. 95) |

Plaintiff Jerry Dillingham is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 25, 2020, Defendants filed a motion for summary judgment for failure to exhaust the administrative remedies. (ECF No. 94.)

On November 30, 2020, Defendants filed a request to stay discovery and vacate the discovery and dispositive motion deadlines. (ECF No. 95.) Plaintiff did not file an opposition to Defendants' motion to stay and modify the scheduling order and the time to do so has expired. Local Rule 230(l).

The Court is vested with broad discretion to manage discovery. Dichter–Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013); Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of

undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue). The propriety of delaying discovery on the merits of the Plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. Albino, 747 F.3d at 1170–71; see also Gibbs v. Carson, No. C–13–0860 THE (PR), 2014 WL 172187, at *2–3 (N.D. Cal. Jan. 15, 2014). The failure to exhaust is an affirmative defense, and Defendants are entitled to judgment on Plaintiff's claims against them if the Court determines the claims are unexhausted. Albino, 747 F.3d at 1166. Thus, the pending exhaustion motion has the potential to bring final resolution to this action as to some, if not all, of the Defendants obviating the need for merits-based discovery. Gibbs, 2014 WL 172187, at *3. In Albino, the Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left until later. Albino, 747 F.3d at 1170. Because Defendants' motion for summary judgment is based solely on the ground that Plaintiff failed to exhaust the administrative remedies, any discovery requests related to the underlying merits of the complaint is outweighed by Defendants' burden in responding to discovery requests that may not be necessary if the motion for summary is granted.

     Therefore, all merits-based discovery will be stayed pending resolution of Defendants' motion for summary judgment. In light of this ruling, the discovery and dispositive motion deadlines shall be vacated.

///

///

///

///

     Accordingly, it is HEREBY ORDERED that:

     1.     Defendants' motion to stay all merits-based discovery is granted; and

2. The April 26, 2021 discovery deadline and the July 6, 2021 dispositive motion deadline are VACATED, to be reset, if necessary, after resolution of Defendants' motion for summary judgment.

IT IS SO ORDERED.

Dated:  **January 5, 2021**

UNITED STATES MAGISTRATE JUDGE

3