# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>N. EMERSON, et al.,<br><br>　　　　　　Defendants. | Case No. 1:18-cv-00507-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL, AND DIRECTING ANY OPPOSITION TO DEFENDANTS' PENDING MOTION FOR SUMMARY JUDGMENT BE FILED WITHIN THIRTY DAYS<br><br>(ECF No. 102) |

Plaintiff Jerry Dillingham is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed on March 4, 2021.

## I.

## RELEVANT BACKGROUND

This action is proceeding on Plaintiff's second amended complaint against Defendants Emerson, Wilson, Wescoat, Velasco, Loftin, Martinez, Marsh and Doe 1 for conditions of confinement in violation of the Eighth Amendment, and against Defendant Wescoat for retaliation in violation of the First Amendment. (ECF No. 50.)

On March 24, 2020, Defendants filed an answer to the complaint on March 24, 2020. (ECF No. 68.)

On November 25, 2020, Defendants filed a motion for summary judgment for failure to exhaust the administrative remedies. (ECF No. 94.)

1

1    On November 30, 2020, Defendants filed a motion to stay discovery and modify the
2 scheduling order.  (ECF No. 95.)  On January 5, 2021, the Court granted Defendants' motion to
3 stay merits-based discovery and vacated the discovery and dispositive motions deadlines.  (ECF
4 No. 99.)
5    On December 21, 2020, and January 29, 2021, the Court granted Plaintiff an extension of
6 time to file an opposition to Defendants' motion for summary judgment.  (ECF Nos. 98, 101
7    On March 4, 2021, Plaintiff filed the instant motion to compel.  (ECF No. 102.)
8 Defendants filed an opposition on March 25, 2021.  (ECF No. 103.)  Plaintiff did not file a reply
9 and the time to do so has now passed.  Local Rule 230(l).

## II.

## LEGAL STANDARD

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement.  As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 87.  Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing

information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d

1   606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th

2   Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

3   Federal Rule of Civil Procedure 56(d) permits a party opposing a motion for summary

4   judgment to request an order deferring the time to respond to the motion and permitting that party

5   to conduct additional discovery upon an adequate factual showing. Rule 56(d) provides that the

6   party must "show[ ] by affidavit or declaration that, for specified reasons, it cannot present facts

7   essential to justify its opposition." Fed. R. Civ. P. 56(d). "A party requesting a continuance

8   pursuant to [Rule 56(d) ] must identify by affidavit the specific facts that further discovery would

9   reveal, and explain why those facts would preclude summary judgment." Tatum v. City & Cty. of

10  San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006) (citations omitted).

11  "Though the conduct of discovery is generally left to a district court's discretion, summary

12  judgment is disfavored where relevant evidence remains to be discovered, particularly in cases

13  involving confined *pro se* plaintiffs." Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988).

14  Thus, summary judgment in the face of requests for additional discovery is appropriate only

15  where such discovery would be "fruitless" with respect to the proof of a viable claim. Jones v.

16  Blanas, 393 F.3d 918, 930 (9th Cir. 2004). "The burden is on the nonmoving party, however, to

17  show what material facts would be discovered that would preclude summary judgment."

18  Klingele, 849 F.2d at 412; see also Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995) ("The

19  burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show

20  that the evidence sought exists."). Moreover, " '[t]he district court does not abuse its discretion by

21  denying further discovery if the movant has failed diligently to pursue discovery in the past.' "

22  *Conkle*, 73 F.3d at 914 (quoting California Union Ins. Co. v. American Diversified Sav. Bank,

23  914 F.2d 1271, 1278 (9th Cir. 1990) ).

24                                                **III.**

25                                           **DISCUSSION**

26  Plaintiff seeks to compel responses to requests for admissions that he served on Defendant

27  Marsh on or about December 10, 2020. (Pl.'s Mot. to Compel at 2, ECF No. 102.)

28

Defendant Marsh opposes Plaintiff's motion because the information he seeks is already in his possession. The Court agrees.

Rule 36 of the Federal Rules of Civil Procedure provides for requests for admissions as follows: "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to (A) facts, the application of law to fact, or the opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Id. "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. Id.

The requesting party may move to determine the sufficiency of an answer or objection. Fed. R. Civ. P. 36(a)(6). Unless the court finds an objection justified, it must order that an answer be served. Id. On finding that an answer does not comply with this rule, the court may either rule that the matter is admitted or that an amended answer be served. Id.

Here, in Requests 1 through 5, Plaintiff seeks admissions relating to allegedly being disabled or alerting prison staff to his purported disability. (Pl.' Mot. to Compel at 9, ECF No. 102.) However, information regarding Plaintiff's purported disability or his attempts to notify staff of a disability is within Plaintiff's knowledge, and answers to these requests are not necessary for Plaintiff to attempt to raise a genuine issue of fact relating to his exhaustion efforts. Fed. R. Civ. P. 56(d). Further, the remaining requests seeks Defendant to admit the wording or application of certain Department Operations Manual sections, polices, or that Defendants were aware of specific sections, and to admit certain portions of the answer filed to the operative

5

complaint. (Id. at 10-14.) Plaintiff has not shown that these requests are not material to the issue of exhaustion. Fed. R. Civ. P. 56(d). In addition, the very nature of Plaintiff's requests for admissions establish that the evidence he seeks to introduce is within his possession. Accordingly, Plaintiff's motion to compel responses to these requests for admissions shall be denied.

## IV.
## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed on March 4, 2021, is denied;
2. Plaintiff shall file an opposition to Defendants' motion for summary judgment on or before **May 28, 2021**.

IT IS SO ORDERED.

Dated:  **April 26, 2021**

UNITED STATES MAGISTRATE JUDGE