UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>          Plaintiff,<br><br>     v.<br><br>N. EMERSON, et al.,<br><br>          Defendants. | Case No. 1:18-cv-00507-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 94) |

Plaintiff Jerry Dillingham is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion for summary judgment, filed on November 25, 2020.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding on Plaintiff's second amended complaint against Defendants Emerson, Wilson, Wescoat, Velasco, Loftin, Martinez, Marsh and Doe 1 for conditions of confinement in violation of the Eighth Amendment, and against Defendant Wescoat for retaliation in violation of the First Amendment.[1]  (ECF No. 50.)

---

[1] Plaintiff identified Defendant Martinez as "Martines", and the Court's docket reflects that spelling.  However, papers filed by Defendants state that his/her name is correctly spelled "Martinez."  The docket will be updated accordingly.

1

On August 19, 2019, Defendants filed a motion to dismiss. (ECF No. 54.) Plaintiff filed an opposition on November 12, 2019, and Defendants filed a reply on November 20, 2019. (ECF Nos. 59, 60.)

On December 19, 2019, the undersigned issued Findings and Recommendations recommending that Defendants' motion to dismiss be denied. (ECF No. 61.)

The Findings and Recommendations were adopted in full on February 20, 2020. (ECF No. 66.)

On March 24, 2020, Defendants filed an answer to the complaint on March 24, 2020. (ECF No. 68.)

Defendants filed the instant motion for summary judgment on November 25, 2020. (ECF No. 94.)

On November 30, 2020, Defendants filed a motion to stay discovery and modify the scheduling order. (ECF No. 95.) On January 5, 2021, the Court granted Defendants' motion to stay merits-based discovery and vacated the discovery and dispositive motions deadlines. (ECF No. 99.)

Although Plaintiff requested and received three extensions of time to file an opposition, he has not filed an opposition to the instant motion for summary judgment and the time to do so has expired. Accordingly, Defendants' motion for summary judgment is submitted for review without oral argument. Local Rule 230(l).

## II.

## LEGAL STANDARD

**A.    Statutory Exhaustion Requirement**

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory unless unavailable. Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741

(2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

Section 1997e(a) also requires "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" Woodford v. Ngo, 548 U.S. 81, 90 (2006) (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effective without imposing some orderly structure on the course of its proceedings." Id. at 90-91. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

The failure to exhaust is an affirmative defense, and the defendant or defendants bear the burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendant or defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed to exhaust. Id.

**B.  Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at c1166; Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by

(1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010). "The evidence must be viewed in the light most favorable to the nonmoving party." Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2014).

Initially, "the defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172. If the defendant meets that burden, the burden of production then shifts to the plaintiff to "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. However, the ultimate burden of proof on the issue of administrative exhaustion remains with the defendant. Id. "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

## III.

## DISCUSSION

### A. Summary of CDCR's Administrative Appeal Process[2]

A prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR") satisfies the administrative exhaustion requirement for a non-medical appeal or grievance by following the procedures set forth in California Code of Regulations, title 15, §§

---

[2] On March 25, 2020, the grievance procedure outlined in § 3084.1, *et seq.*, was repealed effective June 1, 2020, as an emergency by the CDCR pursuant to Penal Code § 5058.3. See Cal. Code Regs. tit. 15, § 3084.1, ¶ 13 (June 26, 2020). However, the parties do not dispute that the events alleged in the complaint took place before the repeal took effect.

4

3084-3084.9.

California Code of Regulations, title 15, § 3084.1(a) provides that "[a]ny inmate … under [CDCR's] jurisdiction may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate … can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." An inmate is required to use a CDCR Form 602 to "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, § 3084.2(a). An inmate is limited to one issue, or related set of issues, per each CDCR Form 602 and the inmate "shall state all facts known and available to [them] regarding the issue being appealed at the time of submitting" the CDCR Form 602. Cal. Code Regs. tit. 15, § 3084.2(a)(1) & (a)(4). Further, the inmate "shall list all staff member(s) involved and … describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(a)(3). If known, the inmate must include the staff member's last name, first initial, title or position, and the dates of the staff member's involvement in the issue being appealed. Id. If the inmate does not know the staff member's identifying information, the inmate is required to "provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." Id.

Unless the inmate grievance falls within one of the exceptions stated in California Code of Regulations, title 15, §§ 3084.7(b)(1)-(2) and 3084.9, all inmate grievances are subject to a three-step administrative review process: (1) the first level of review; (2) the second level appeal to the Warden of the prison or their designee; and (3) the third level appeal to the Secretary of CDCR, which is conducted by the Secretary's designated representative under the supervision of the third level Appeals Chief. Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7(a)-(d). Unless the inmate grievance deals with allegations of sexual violence or staff sexual misconduct, an inmate must submit the CDCR Form 602 and all supporting documentation to each the three levels of review within 30 calendar days of the occurrence of the event or decision being appealed, of the inmate first discovering the action or decision being appealed, or of the inmate receiving an unsatisfactory departmental response to a submitted administrative appeal. Cal. Code Regs. tit. 15, §§ 3084.2(b)-(e), 3084.3, 3084.6(a)(2), 3084.8(b). When an inmate submits an administrative

1  appeal at any of the three levels of review, the reviewer is required to reject the appeal, cancel the
2  appeal, or issue a decision on the merits of the appeal within the applicable time limits. Cal. Code
3  Regs. tit. 15, §§ 3084.6(a)-(c), 3084.8(c)-(e). If an inmate's administrative appeal is rejected, the
4  inmate is to be provided clear instructions about how to cure the appeal's defects. Cal. Code
5  Regs. tit. 15, §§ 3084.5(b)(3), 3084.6(a)(1). If an inmate's administrative appeal is cancelled, the
6  inmate can separately appeal the cancellation decision. Cal. Code Regs. tit. 15, § 3084.6(a)(3) &
7  (e).

**B.     Summary of Relevant Factual Allegations of Plaintiff's Complaint**

It rained during the evening of January 25, 2016 to the morning of January 26, 2016. Plaintiff woke the morning of January 26, 2016 to a large puddle in his cell nearly causing him to lose his footing. Plaintiff heard other prisoners complaining to Defendants Emerson, Wilson, Wescoat, and Martinez that their cells were flooded. Plaintiff alleges that Defendants Emerson, Wilson, Wescoat, Martinez, Velasco, and Loftin were aware of the flooding because from January 21, 2016 through May 5, 2016 they had to wade through the puddles in the building when they made their rounds. Defendants Emerson, Wilson, Wescoat, and Martinez would have the inmate porters come and mop up the water that had flooded into the cells. Plaintiff states that on examination, he could see that there were holes in the roof that allowed the rain to come into the building. The water dripped down and flooded the light fixtures with water and onto the floor. Plaintiff contends that the cell walls had mold on them demonstrating that the issue had existed for years. Plaintiff alleges that he suffered respiratory issues due to the mold.

Plaintiff contends that from January 21, 2016, through May 5, 2016, on days that it rained, he complained to Defendants Emerson, Wilson, Wescoat, Martinez and Velasco during security inspection about the hazardous conditions. The defendants would stand in a puddle of water in front of his cell door and did not relocate Plaintiff to a dry available cell.

During the first two weeks of February 2016, Plaintiff asked Defendant Velasco to move him to a dry cell. Defendant Velasco noticed the condition of Plaintiff's cell and told Plaintiff that he would not move him because since he had worked in the building he had noticed that many of the other cells are in the same condition.

Around March 6 or 7, 2016, Plaintiff woke up during the night and slipped on the wet floor causing him injury. Plaintiff asked Defendant Martinez to move him to a dry cell. Defendant Martinez told Plaintiff that his cell has had a problem with leaking for a couple of years. Defendant Martinez told Plaintiff that his cell should be "red flagged" but that he was not able to do it because he was not a "regular." Defendant Martinez told Plaintiff that he could not move him to a dry cell.

On March 8, 2016, Defendant Marsh told Plaintiff that the administration has been aware of that Plaintiff's cell has water leaking into it from the cracks in the roof for over two years.

Plaintiff submitted a health care request and, on March 9, 2016, he was seen by Nurse McCoy who provided Plaintiff with medication for his lower back and hip pain and headache. Plaintiff was referred for follow-up treatment.

On May 5, 2016, Plaintiff complained to Defendant Velasco that it had rained overnight and his cell was again flooded. Plaintiff asked to be housed in a dry cell. Plaintiff gave him a completed inmate request for services. Later than day, Plaintiff saw Defendant Velasco in the office with a sergeant (Doe 1) passing the form back and forth and discussing it. Defendant Velasco came to Plaintiff's cell and told him that they had discussed his form and he would not be moved to cell 225. Defendant Velasco told Plaintiff that he would not sign the form because it would cause him to be liable. Defendant Velasco handed Plaintiff back the form. Plaintiff asked Defendant Velasco for the supervisor's name, but Defendant Velasco just turned and walked away.

On May 6, 2016, Defendant Emerson and Wescoat arrived about 6:30 and Defendant Wescoat lost his footing while wading through the puddles of water. Plaintiff asked to be moved out of his cell into cell 225 which was vacant. Defendant Wescoat refused to move Plaintiff to cell 225 stating that they knew about his complaining in inmate appeals and that neither he nor Emerson would "red flag" Plaintiff's cell. Plaintiff had filed an inmate grievance against Defendant Emerson and Wilson on January 21, 2016. Defendant Wescoat walked away. Plaintiff slipped on the wet floor injuring his right hip and his lower back.

Plaintiff sought medical care and from May 12, 2016, through October 13, 2016, Nurse

McCoy and Dr. Brown provided him with medical care.  Plaintiff had a consultation with an orthopedist regarding his right hip pain around January 3, 2018.  The specialist diagnosed bone on bone trochanteric bursitis and severe osteoarthritis and recommended a hip replacement.

### C.     Statement of Undisputed Facts

1.     Plaintiff Jerry Dillingham was an inmate incarcerated by the California Department of Corrections and Rehabilitation (CDCR), and was housed at the Substance Abuse Treatment Facility (SATF) from January to May, 2016, the time frame of the alleged incidents. (Second Amended Complaint (SAC) at 2, 5, 8, ECF No. 43.)

2.     Plaintiff was incarcerated at Richard J. Donovan Correctional Facility when he filed his initial compliant in this case on August 21, 2017, and at Kern Valley State Prison (KVSP) when he filed the operative Second Amended Complaint in this case.  (Compl. at 1, ECF No. 6, SAC at 1.)

3.     Plaintiff brings this action under 42 U.S.C. § 1983, for unconstitutional conditions of confinement in violation of the Eighth Amendment and retaliation in violation of the First Amendment.  (SAC at 8-12, 17; ECF Nos. 45, 47.)

4.     Defendants Velasco, Martinez, Loftin, Emerson, Marsh, Wescoat, and Wilson were all employed by CDCR as correctional officers at SATF at the time the alleged events occurred.  (SAC at 2, 4-7.)

5.     Plaintiff claims that from January 21, 2016 until May 5, 2016, his cell would flood with water when it rained creating a dangerous condition in his cell, that Defendants were all aware of the condition of his cell but refused to move him, that he slipped and fell on his wet cell floors on two occasions, January 26, 2016, and May 6, 2016, causing him to injure his hip and back, and that Defendant Wescoat refused to move Plaintiff to another cell in retaliation for Plaintiff voicing his concerns for his safety.  (SAC at 8-13, 17-18.)

6.     CDCR, which includes SATF, had an administrative remedies process in place as of January 21, 2016, which involves three levels of review.  (Moseley Decl. ¶¶ 2-5, ECF No. 94-5.)

7.     An inmate does not exhaust his or her administrative remedies for an appeal issue

8

until a final decision has been rendered on an appeal by the Office of Appeals at the third level of review.  (Moseley Decl. ¶¶ 2-6.)

8. Plaintiff submitted a total of three inmate grievances relating to his claims against Defendants: grievance log numbers SATF-D-16-00621, SATF-D-16-02484, and SATF-D-16-02485, and one grievance, SATF-D-16-02515, appealing the cancellation of SATF-D-16-00621. (SAC at 20-22; Barba Decl. ¶ 7, Exs. A, B, C, D &E, ECF No. 94-4; Moseley Decl. Exs. A & B.)

9. The Office of Appeals has not received or accepted any appeals or grievances from Plaintiff on or after January 21, 2016, in which Plaintiff claims he was being housed in a dangerous cell or that he slipped and fell on allegedly accumulated rain water in his cell. (Moseley Decl. ¶¶ 7-9.)

10. The Office of Appeals accepted and processed Third Level Review Case No. 1603530 (SATF-D-16-02515), in which Plaintiff appealed the cancellation of SATF-D-16-00621, which addressed his claims of living conditions in his cell.  (Moseley Decl. ¶ 10.)

11. The Office of Appeals denied third level review case no. 1603530 (SATF-D-16-02515) on November 3, 2016, finding that SATF-D-16-00621 was appropriately cancelled by the institution because Plaintiff had failed to comply with the applicable time constraints.  The Office of Appeals did not grant Plaintiff any relief with respect to SATF-D-16-02515 and did not reverse the cancellation of SATF-D-16-00621.  (Moseley Decl. ¶ 10, Ex. B; Barba Decl. ¶ 14, Ex. E.)

12. The Office of Appeals has never accepted or processed Appeal Log Nos. SATF-D-16-00621, SATF-D-16-02484, or SATF-D-16-02485.  (Moseley Decl. ¶ 11, Ex. A.)

13. Within grievance log number SATF-D-16-00621 (no corresponding third level review log number), Plaintiff made multiple claims, including that Defendants were knowingly housing him in a dangerous cell that flooded with rain water, causing him to injure himself on January 16, 2016, and additionally that for a period of three weeks, he had no hot water in his cell.  (Barba Decl. ¶ 8, Exs. A & B.)

14. Grievance log numbers SATF-D-16-00621 was rejected on February 24, 2016, and again on March 21, 2016, because Plaintiff had included multiple issues not deriving from a single event and not directly related.  The rejection letters instructed Plaintiff to submit one issue

1  per inmate grievance.  (Barba Decl. ¶ 9, Ex. B.)

2      15.    Grievance log numbers SATF-D-16-00621 was finally cancelled on May 6, 2016, because Plaintiff failed to submit the grievance within time constraints by not resubmitting his appeal within 30 days, and that cancellation has never been reversed.  (Barba Decl. ¶ 9, Ex. B; Moseley Decl. ¶ 10, Ex. B.)

    16.    Within grievance log number SATF-D-16-02484 (no corresponding third level review log number), Plaintiff raised his claims in this case relating to his alleged slip and fall on May 6, 2016.  (Barba Decl. ¶ 10, Exs. A & C.)

    17.    Grievance log number SATF-D-16-02484 was cancelled by the institution on December 23, 2016, because Plaintiff had exceeded the time limits to submit his appeal, even though he had the opportunity to do so.  Additionally, SATF-D-16-02484 was again returned to Plaintiff on June 26, 2017, finding that he had failed to appeal the December 23, 2016, cancellation within the applicable time frame.  (Barba Decl. ¶ 11, Ex. C.)

    18.    Grievance log number SATF-D-16-02485 (no corresponding third level review log number), was duplicative of SATF-D-16-02484 and was cancelled accordingly by the institution on June 13, 2016.  (Barba Decl. ¶ 12, Exs. A & D.)

    19.    Despite being informed of his ability to appeal cancellations of grievance log numbers SATF-D-16-02484 and SATF-D-16-02485, Plaintiff never did so.  (Barba Decl. ¶ 13, Ex. A.)

### D.    Defendants' Motion for Summary Judgment

Defendants argue that the undisputed facts show that while Plaintiff submitted initial inmate grievances relating to his claims, each of the grievances was cancelled prior to being accepted for review by the Office of Appeals because Plaintiff had failed to comply with applicable time constraints. The grievances were never accepted or processed at the third level of review, and Plaintiff's administrative remedies with respect to his claims were not exhausted. Moreover, the undisputed facts show that while Plaintiff appealed the cancellation of only one of his grievances relating to this case, that appeal was denied at the third level of review without reversing the cancellation or otherwise providing Plaintiff with any relief.

10

It is undisputed that Plaintiff submitted a total of three inmate grievances relating to his claims against Defendants: grievance log numbers SATF-D-16-00621, SATF-D-16-02484, and SATF-D-16-02485, and one grievance, SATF-D-16-02515, appealing the cancellation of SATF-D-16-00621. (DUdF 8.) The Office of Appeals has not received or accepted any appeals or grievances from Plaintiff on or after January 21, 2016, in which Plaintiff claims he was being housed in a dangerous cell or that he slipped and fell on allegedly accumulated rain water in his cell. (DUdF 9.) The Office of Appeals accepted and processed Third Level Review Case No. 1603530 (SATF-D-16-02515), in which Plaintiff appealed the cancellation of SATF-D-16-00621, which addressed his claims of living conditions in his cell. (DUdF 10.) The Office of Appeals denied third level review case no. 1603530 (SATF-D-16-02515) on November 3, 2016, finding that SATF-D-16-00621 was appropriately cancelled by the institution because Plaintiff had failed to comply with the applicable time constraints. The Office of Appeals did not grant Plaintiff any relief with respect to SATF-D-16-02515 and did not reverse the cancellation of SATF-D-16-00621. (DUdF 11.) The Office of Appeals has never accepted or processed Appeal Log Nos. SATF-D-16-00621, SATF-D-16-02484, or SATF-D-16-02485. (DUdF 12.)

Within grievance log number SATF-D-16-00621 (no corresponding third level review log number), Plaintiff made multiple claims, including that Defendants were knowingly housing him in a dangerous cell that flooded with rain water, causing him to injure himself on January 16, 2016, and additionally that for a period of three weeks, he had no hot water in his cell. (DUdF 13.) Grievance log numbers SATF-D-16-00621 was rejected on February 24, 2016, and again on March 21, 2016, because Plaintiff had included multiple issues not deriving from a single event and not directly related. The rejection letters instructed Plaintiff to submit one issue per inmate grievance. (DUdF 14.) Grievance log number SATF-D-16-00621 was finally cancelled on May 6, 2016, because Plaintiff failed to submit the grievance within time constraints by not resubmitting his appeal within 30 days, and that cancellation has never been reversed. (DUdF 15.)

Within grievance log number SATF-D-16-02484 (no corresponding third level review log number), Plaintiff raised his claims in this case relating to his alleged slip and fall on

1   May 6, 2016.  (DUdF 16.)  This grievance was rejected on June 13, 2016, and again on July 20,
2   2016, for failure to provide necessary supporting documentation.  (Barba Decl., Ex. C.)  Plaintiff
3   resubmitted the grievance on August 25, 2016, and it was erroneously accepted for first-level
4   review, with a decision rendered on September 23, 2016.  (Id.)  Grievance log number SATF-D-
5   16-02484 was cancelled by the institution on December 23, 2016, because Plaintiff had exceeded
6   the time limits to submit his appeal, even though he had the opportunity to do so.  Additionally,
7   SATF-D-16-02484 was again returned to Plaintiff on June 26, 2017, finding that he had failed to
8   appeal the December 23, 2016, cancellation within the applicable time frame.  (DUdF 17.)
9   When Plaintiff submitted the grievance for second-level review, it was cancelled, finding that
10  Plaintiff did not resubmit the grievance for first-level review within thirty days of the rejection on
11  July 20, 2016, as required by Title 15.  Although the first level erroneously accepted a late
12  submission, that erroneous acceptance did not preclude the second level from taking the
13  appropriate action to cancel the grievance as untimely, and Plaintiff has failed to demonstrate
14  otherwise.  See Cal. Code Regs. tit. 15, ¶ 3084.6(a)(5); see also Vaughn v. Hood, No. 2:14-cv-
15  2235 MCE KJN P, 2015 WL 5020691, at *8, *affirmed by* 670 Fed.App'x 962 (9th Cir. 2016)
16  (dismissing action for failure to properly exhaust where prison initially erroneously accepted
17  untimely grievance and then corrected this mistake by cancelling grievance at third level of
18  review).  Furthermore, despite the explicit instructions on the cancellation notice that Plaintiff
19  could not resubmit the cancelled appeal but could file a separate appeal on the cancellation
20  decision, Plaintiff never did so.  (DUdF 17, 19.)

21      Grievance log number SATF-D-16-02485 (no corresponding third level review log
22  number), was duplicative of SATF-D-16-02484 and was cancelled accordingly by the institution
23  on June 13, 2016.  (DUdF 18.)  Plaintiff resubmitted SATF-D-16-02485 on July 20, 2016, August
24  25, 2016, and November 22, 2016.  (Barba Decl. Ex B.)  Each of those submissions was returned
25  to Plaintiff as never processed, and a decision was never rendered at the first level of review.
26  (Id.)  Rather, it appears Plaintiff continued to resubmit the cancelled appeal, despite being
27  explicitly instructed to appeal the cancellation.  (Id.)  Although Plaintiff was informed of his
28  ability to appeal cancellations of grievance log numbers SATF-D-16-02484 and SATF-D-16-

02485, he never did so.  (DUdF 19.)  Accordingly, Defendants' motion for summary judgment should be granted, and the instant action should be dismissed, without prejudice, for failure to exhaust the administrative remedies.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment be granted; and

2. The instant action be dismissed, without prejudice, for failure to exhaust the administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 27, 2021**

UNITED STATES MAGISTRATE JUDGE