# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JERRY DILLINGHAM,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**N. EMERSON, et al.,**<br><br>    **Defendants.** | **CASE NO. 1:18-cv-00507-AWI-SAB (PC)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 23, 2021 ORDER**<br><br>(Doc. No. 119) |

    Plaintiff Jerry Dillingham is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Currently before the Court are Plaintiff's "objections" to the Court's September 23, 2021 order. Doc. No. 119. The Court will construe Plaintiff's objections, which were filed on October 13, 2021, as a motion for reconsideration under Federal Rule of Civil Procedure 60(b).

    Rule 60(b) provides courts with discretionary authority to relieve a party from an order on grounds of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b); see Am. Ironworkers & Erectors, Inc. v. N.A. Constr. Corp., 248 F.3d 892, 899 (9th Cir. 2001). Rule 60(b)(6)—i.e., the catchall provision—"is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances'" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quoted source omitted).

    At issue here is the Court's September 23, 2021 order granting Defendants' request to withdraw their exhaustion-related motion for summary judgment. Doc. No. 115. In making their

1 request, Defendants represented to the Court that they needed to conduct further investigation after
2 receiving additional information that had not been provided to defense counsel at the time the
3 motion was filed.  Id.  On the basis of this representation, the Court found good cause shown and
4 granted the request without prejudice to a future exhaustion related summary judgment motion.
5 Id.  In so doing, the Court also vacated findings and recommendations that advised for the
6 granting of Defendants' motion.  Id.

7     With his objections, Plaintiff contends that the Court inappropriately allowed Defendants
8 to withdraw their motion without prejudice absent an "affidavit [or] declaration" or citation to the
9 specific information that was received by Defendants that led to the withdrawal request.  Doc. No.
10 119 at 4–5.  Plaintiff also contends that the Court erred in granting Defendants' request without an
11 initial review of the request by the assigned magistrate judge.  Id. at 3–4.

12     The Court finds that neither basis of Plaintiff's challenge meets any of the grounds for
13 granting a motion for reconsideration under Rule 60(b).  Thus, the Court will deny Plaintiff's
14 motion.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (Doc. No. 119) is DENIED.

IT IS SO ORDERED.

Dated:   October 18, 2021

                        SENIOR DISTRICT JUDGE